NOT FOR PUBLICATION                                           [Dkt. Ent. 16]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUIS BATIZ and CORDELIA CHALLENGER, Plaintiffs, v. M.D. BROWN, D.K. DETULLIO, and JOHN DOES NEW JERSEY STATE POLICE TROOPERS 1-5, Defendants. | Civil No. 12-581 (RMB/AMD) <br><br> **OPINION** |

APPEARANCES:

Joseph C. Grassi, Esq.
Barry, Corrado, Grassi & Gibson, P.C.
2700 Pacific Avenue
Wildwood, NJ 08260

    Attorney for Plaintiffs

Marvin L. Freeman, Esq.
State of New Jersey
Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08625

    Attorney for Defendants

**BUMB,** UNITED STATES DISTRICT JUDGE:

    Plaintiffs Luis Batiz and Cordelia Challenger ("Plaintiffs") assert various civil rights violations under federal and state law arising out of an incident in which they were arrested, charged,

1

prosecuted, and later acquitted. The only named defendants in this action, police officers M.D. Brown and D.K. Detullio ("Defendants"), have moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. Ent. 16.] For the reasons set forth below, this motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The Second Amended Complaint ("Complaint" or "Compl.") alleges the following facts. Plaintiffs were at their home in Fairfield, New Jersey, when employees from a moving service ("movers") entered their property and began to take a moveable storage pod, which contained Plaintiffs' personal property. Plaintiff Batiz called the police to protect his property, and defendant Trooper Detullio and another unidentified officer subsequently arrived at the scene. Batiz explained that the movers were attempting to remove the pod, and he disputed their claim to it. Detullio allowed the movers to take the pod and then demanded that Batiz give him certain personal information. Batiz provided his first and last name but refused to provide more information, demanding instead that the troopers leave his home.

Detullio arrested Batiz and took him to the New Jersey State Police Barracks in Bridgeton, New Jersey. At the barracks, Defendants and several unidentified troopers continued to interrogate Batiz. When Batiz insisted on maintaining his silence, Brown and certain unidentified troopers agreed to call Batiz's wife,

plaintiff Challenger, and tell her to come get Batiz because he was ready to go home. When Challenger arrived at the barracks, however, Brown asked her to give Batiz's other identifying information. Challenger responded that they would have to obtain that information from Batiz.

The defendants then threatened Batiz with incarcerating his wife if he continued to refuse to disclose more of his personal information. They subsequently arrested Challenger for hindering apprehension of another. Detullio charged Batiz with disorderly conduct, theft, obstruction, and hindering apprehension.

After his arrest, Batiz was committed to the Cumberland County Correctional Center in lieu of bail. He maintains that while he was there, the defendants agreed to erroneously detain him on a detainer by the Immigrations and Customs Enforcement agency. Plaintiff is a United States citizen and Latino American. He was born in New York and is of Puerto Rican descent.

On August 14, 2010, a Cumberland County municipal court tried Batiz for the above-mentioned crimes and found him guilty of all charges except hindering apprehension, of which he was acquitted. Challenger was found not guilty. Batiz appealed his conviction, and on November 19, 2010, the New Jersey Superior Court conducted a trial de novo in which he was again found guilty of theft but was acquitted on the obstruction and disorderly conduct charges. Batiz appealed to the New Jersey Appellate Division, which reversed his conviction

on the theft charge. Plaintiffs have thus been acquitted of all relevant charges.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n. 27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

## III. ANALYSIS

Defendants have moved to dismiss the entire Complaint. Plaintiffs conceded their procedural due process claims (Counts I and

II) but objected to dismissal of the remaining claims. Pls.' Opp. 2. Counts I and II are therefore DISMISSED from the Complaint.

What remains are Plaintiffs' federal and state claims alleging unreasonable search and seizure (Counts III and IV); conspiracy in violation of 42 U.S.C. § 1985 (Count VI); abuse of process under 42 U.S.C. § 1983 (Count V); malicious prosecution under § 1983 (Count VII); and false arrest under § 1983 (Count VIII). The Court addresses these claims seriatim.

**A. Search and Seizure Claims (Counts III and IV)**

In Count III, Plaintiffs assert a claim under § 1983 for the violation of their Fourth Amendment right to be free from unreasonable searches and seizures.[1] Specifically, Plaintiffs allege that they were "falsely arrested, falsely imprisoned, charged and prosecuted without adequate basis". Compl. ¶ 46. Given this broad language, Count III appears to assert 1983 claims for false arrest, false imprisonment, and malicious prosecution. Since Plaintiffs have already alleged false arrest and malicious prosecution claims under § 1983 – Counts VII and VIII - this claim is DISMISSED as duplicative to the extent it asserts such claims.[2] To the extent Count III asserts a claim for false imprisonment, however, such claim may proceed.

---

[1] It bears noting that Plaintiffs have not alleged any facts to support a claim for an unreasonable search.
[2] To the extent the Court has misconstrued the scope of this claim, Plaintiffs may address this issue when – and if – they file a Third Amended Complaint as set forth in the Order that accompanies this

A claim for false imprisonment arises where a person is arrested without probable cause and subsequently detained pursuant to that unlawful arrest. Adams v. Selhorst, 449 F. App'x 198, 201 (3d Cir. 2011) (quoting Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). Defendants move to dismiss this claim on the grounds that they had probable cause to arrest Plaintiffs. As set forth infra, the Court disagrees. This motion is therefore DENIED.

As for Count IV, which alleges search-and-seizure violations under the New Jersey Constitution and New Jersey Civil Rights Act, this Count also appears to assert claims for false arrest, false imprisonment, and malicious prosecution. Compl. ¶ 52 (alleging that Plaintiffs were "falsely arrested, falsely imprisoned, [and] charged and prosecuted without adequate basis"). Defendants move to dismiss these claims arguing that they had probable cause to arrest and charge Plaintiffs. "The standard for probable cause is identical under federal and New Jersey law." Schirmer v. Penkethman, Civ. No. 10-1444, 2012 WL 6738757, *8 (D.N.J. Dec. 31, 2012) (citing Maples v. City of Atl. City, Civ. No. 06-2200, 2008 WL 2446825, *6 (D.N.J. June 16, 2008); New Jersey v. Basil, 998 A.2d 472 (N.J. 2010) (reciting standard for probable cause to arrest under New Jersey law and citing to federal law as the basis for that standard)). Since the Court has determined, infra, that Defendants lacked probable cause in the context of Plaintiffs' federal claims, it also finds that they lacked

---

Opinion.

probable cause with respect to these state claims. The motion to dismiss is therefore DENIED.

### B. § 1983 Abuse of Process Claim (Count V)

Plaintiff Batiz asserts a claim for abuse of process under 42 U.S.C. § 1983. At common law,

> For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.

Restatement (Second) of Torts § 682 cmt. b (2012). To state a claim for abuse of process in New Jersey, the plaintiff must allege: (1) a coercive, illegitimate, or improper use of the judicial process; (2) an "ulterior motive" by the defendants; and (3) "some further act after the issuance of process representing the perversion of the legitimate use of the process." Simone v. Golden Nugget Hotel & Casino, 844 F.2d 1031, 1036-37 (3d Cir. 1988) (citing Fielder Agency v. Eldan Constr. Corp., 377 A.2d 1220, 1222 (N.J. Super. Ct. Law Div. 1977)); see also Coles v. Carlini, Civ. No. 10-6132, 2012 WL 1079446, *12 (D.N.J. Mar. 29, 2012). While they are not mutually exclusive, a claim for abuse of process differs from a claim for malicious prosecution in that the former concerns the "improper, unwarranted, and perverted" use of legal process after it has been initiated, while the latter concerns a legal proceeding that has been initiated

7

maliciously and without probable cause. Ash v. Cohn, 194 A. 174, 176 (N.J. 1937) (citation omitted); Coles, 2012 WL 1079446 at *12.

To federalize his claim under § 1983, Batiz must identify a constitutional right that has been violated. 1 Sheldon Nahmod, Civ. Rights & Civ. Libs. Litig.: The Law of § 1983 § 3:63 (2012)[3]; see also Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000), cert. den'd, 531 U.S. 1072 (2001) ("Section 1983 is not a source of substantive rights and does not provide redress for common law torts—the plaintiff must allege a violation of a federal right."). He has not done so here. Defendants have not, however, challenged his claim on this ground.

Rather, Defendants argue that Batiz has not shown that Detullio used the prosecution or immigration detainer for a purpose other than that intended by law. The Complaint asserts that Defendants "furthered the legal process by wrongfully initiating an immigration

---

[3] Nahmod, supra, provides in relevant part:
> By now it is abundantly clear that common law torts committed by local governments or government employees do not, on that basis alone, constitute Fourteenth Amendment violations actionable under § 1983. Thus, strictly speaking, it is incorrect to talk about a § 1983 malicious prosecution or abuse of process action premised solely on state tort law elements. Rather, what must be identified in every § 1983 case, including these, is the constitutional provision allegedly violated. This is relatively easy to do where, for example, a defendant without probable cause brings about the prosecution of the plaintiff, or misuses legal process against him or her, for a racially discriminatory motive or for a political motive. Here, the challenged conduct will probably violate equal protection or the First Amendment. It is where such motives are not present that the possible applicability of due process to malicious prosecution or abuse of process arises.

detainer against Batiz . . . in order to coerce and/or oppress [him]." Compl ¶¶ 56, 59. The Court may not credit such conclusory assertions. To the extent Batiz attempts to ground his abuse of process claim in the issuance of the immigration detainer, he must allege facts establishing all of the elements set forth above. Accordingly this claim is DISMISSED WITHOUT PREJUDICE.

### C. § 1985 Conspiracy Claims (Count VI)

In Count VI, Plaintiffs allege a conspiracy between the defendants pursuant to 42 U.S.C. § 1985(3).[4] Defendants move to dismiss on the limited ground that if the Court finds the arrests and charges lawful, then there is no predicate constitutional injury to support a conspiracy claim. Since the Court finds, infra, that probable cause did not exist, the Court DENIES this motion.

### D. § 1983 Malicious Prosecution Claims (Count VII)

To establish a claim for malicious prosecution pursuant to the Fourth Amendment and § 1983, the complaint must allege that:

---

Ibid. (internal footnotes omitted).
[4] To state a claim under § 1985(3), the plaintiff must allege:
   (1) [A] conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.
Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006)(quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)). To satisfy the second prong, the plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action". Id. (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

    (1) The defendant initiated a criminal proceeding;

    (2) The criminal proceeding ended in the plaintiff's favor;

    (3) The proceeding was initiated without probable cause;

    (4) The defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and

    (5) The plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 362-63 (3d Cir. 2003) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). In New Jersey, the tort of malicious prosecution requires only the first four elements. Lind v. Schmid, 337 A.2d 365, 368 (N.J. 1975) (internal citations omitted); Coles, 2012 WL 1079446, *11.

Defendants attack the third prong, arguing that they had probable cause to arrest both Plaintiffs. Since Plaintiffs have made contrary allegations, this argument is more appropriate at the summary judgment or trial stage.

Probable cause exists where the facts and circumstances "are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." Camiolo, 334 F.3d at 363 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)) (internal quotations omitted).

Crediting the facts alleged in the Complaint, Batiz called the police to protect his personal property, which the movers were trying to take. When the troopers arrived, Defendant explained the

situation to them, but Trooper Detullio nevertheless allowed the movers to take the property. Detullio then demanded that Batiz give him personal information. Batiz provided his first and last name but refused to provide more information and demanded instead that the troopers leave his home. Detullio then arrested Batiz. Compl. ¶¶ 10-14.

Defendants argue that they had probable cause to arrest and charge Batiz for obstruction,[5] theft,[6] disorderly conduct,[7] and hindering apprehension.[8] They inexplicably rely on the facts

---

[5] A person commits the crime of obstruction when he or she

> [P]urposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. . . .

N.J. Stat. Ann. 2C:29-1(a) (emphasis added).

[6] "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof." N.J. Stat. Ann. 2C:20-3(a).

[7] A person is guilty of "disorderly conduct",
> [I]f with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he
>
> (1) Engages in fighting or threatening, or in violent or tumultuous behavior; or
>
> (2) Creates a hazardous or physically dangerous condition by any act which serves no legitimate purpose of the actor.

N.J. Stat. Ann. 2C:33-2(a).

[8] Pursuant to N.J. Stat. Ann. 2C:29-3(b),
> A person commits an offense if, with purpose to hinder his own detention, apprehension, investigation, prosecution, conviction or punishment for an offense or violation of Title

11

recited in the New Jersey Appellate Division's opinion (which reverses Batiz's theft conviction) without citing any basis for doing so.[9]  Crediting the facts in the Complaint, however, there is no probable cause to support the arrest or charges.  According to the Complaint, the only "offense", which Batiz committed, was to refuse to give the officers his personal information beyond his first and last name and to demand that they leave his home.  These acts alone do not create probable cause to support obstruction charges.  See State v. Camillo, 887 A.2d 1151 (N.J. App. Div. 2005)(absent physical interference, defendant's act of refusing to provide his name, date

---

39 of the Revised Statutes or a violation of chapter 33A of Title 17 of the Revised Statutes, he:

(1) Suppresses, by way of concealment or destruction, any evidence of the crime or tampers with a document or other source of information, regardless of its admissibility in evidence, which might aid in his discovery or apprehension or in the lodging of a charge against him; or

(2) Prevents or obstructs by means of force or intimidation anyone from performing an act which might aid in his discovery or apprehension or in the lodging of a charge against him; or

(3) Prevents or obstructs by means of force, intimidation or deception any witness or informant from providing testimony or information, regardless of its admissibility, which might aid in his discovery or apprehension or in the lodging of a charge against him; or

(4) Gives false information to a law enforcement officer or a civil State investigator assigned to the Office of the Insurance Fraud Prosecutor . . . .

[9] In fact, at the motion to dismiss stage, the district court may not take judicial notice of another court's opinion "for the truth of the facts recited therein," but only for "the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Southern Cross Overseas Agencies, Inc. v. Wah, 181 F.3d 410, 426-27

of birth, and social security number to state trooper who required the information to prepare an incident report did not violate obstruction statute). Likewise, there are no allegations suggesting that Batiz engaged in fighting, threatening, violent or tumultuous behavior, or that he created a hazardous or physically dangerous condition, to support disorderly conduct charges. Further, crediting the allegations in the Complaint and viewing them in Plaintiffs' favor, a reasonable officer would have believed, based on Batiz's representations, that the movers had taken <u>his</u> property. Indeed, there are no facts suggesting otherwise. Finally, the Complaint does not include any facts indicating that Batiz suppressed evidence of a crime, used force or intimidation, or gave false information to a police officer, as required to support hindering apprehension charges. Accordingly, the Court DENIES the motion to dismiss Batiz's malicious prosecution claim.

The Court also rejects Defendants' argument that Detullio had probable cause to arrest and charge Plaintiff Challenger with hindering the apprehension of another in violation of N.J. Stat. Ann. § 2C:29-3(a)(3). That statute provides:

> A person commits an offense if, with purpose to hinder the detention, apprehension, investigation, prosecution, conviction or punishment of another for an offense . . . (3) Suppresses, by way of concealment or destruction, any evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence, which might aid in the discovery or

---

(3d Cir. 1999) (internal citations omitted).

>apprehension of such person or in the lodging of a charge against him . . . .

Crediting the facts alleged in the Complaint, Challenger was arrested because when asked to provide Batiz's other identifying information, she told the troopers they would have to obtain that information from Batiz. Compl. ¶ 17. Nothing in the Complaint suggests that Challenger suppressed evidence of a crime; indeed, based on the facts alleged, Batiz had not committed any underlying crime. Nor do the facts indicate that Challenger tampered with a witness, informant, document, or other source of information in any way. Thus, Detullio had no reason to believe that Challenger was hindering the apprehension of another in violation of this statute. Accordingly, the Court DENIES Defendants' motion to dismiss on this basis.

Next, Defendants argue that Challenger's federal malicious prosecution claim fails at the fifth prong of the analysis because she did not suffer a Fourth Amendment deprivation of liberty pursuant to legal process. The Complaint must allege facts establishing that Challenger suffered a seizure "as a consequence of a legal proceeding." Gallo v. City of Phila., 161 F.3d 217, 222 (3d Cir. 1998). Typically, "the requisite legal process comes either in the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would comprise the seizure)." Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010)(internal

14

quotations and citations omitted).  If the arrest occurs prior to an arraignment and without a warrant, however, it is not "pursuant to legal process" and therefore cannot serve as the predicate deprivation of liberty.  Id.; Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 117 (2d Cir. 1995), cert. den'd, 517 U.S. 1189 (1996).

The Complaint here only alleges the bare facts—that Challenger was arrested, detained, charged with hindering apprehension of another, and eventually found not guilty at trial on August 14, 2010.  Compl. ¶¶ 19, 23, 76.  Notably, Challenger has not alleged whether she was arrested with a warrant; whether her detention occurred after legal process had issued; and, if not, whether she was subjected to any other restrictions on her liberty after such process.[10]  Absent these facts, she has not established a Fourth Amendment seizure pursuant to legal process, and the Court therefore DISMISSES this claim WITHOUT PREJUDICE.

### E. § 1983 False Arrest Claims (Count VIII)

With respect to Plaintiffs' false arrest claims, Defendants again argue that Detullio had probable cause to make the arrests.  "Under both federal and New Jersey law, a claim for false arrest requires that (1) there was an arrest; and (2) that the arrest was made without probable cause."  Schirmer v. Penkethman, Civ. No.

---

[10] The Third Circuit has recognized that pretrial custody and some onerous types of pretrial, non-custodial restrictions may constitute a seizure for Fourth Amendment purposes.  Johnson v. Knorr, 477 F.3d 75, 85 n.14 (3d Cir. 2007).  Attendance at trial, however, does not itself qualify as a seizure.  Id.

10-1444, 2012 WL 6738757, *8 (D.N.J. Dec. 31, 2012) (citing Ferry v. Barry, Civ. No. 12-009, 2012 WL 4339454, *5 (D.N.J. Sept. 19, 2012); Gil v. New Jersey, Civ. No. 12-701, 2012 WL 23570503, *2 (D.N.J. June 19, 2012); Tarus v. Borough of Pine Hill, 916 A.2d 1036 (N.J. 2007)). As described above, the facts alleged in the Complaint establish that Defendants lacked probable cause for the arrests. Accordingly, the Court REJECTS this argument.

Additionally, Defendants argue that Challenger did not suffer a deprivation of liberty consistent with the Fourth Amendment. The Court disagrees. Challenger has properly alleged that she was arrested without probable cause. Accordingly, Defendants' motion to dismiss this claim is DENIED.

**F. Qualified Immunity**

Defendants argue that they are entitled to qualified immunity on Plaintiffs' 1983 claims. Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether an officer is entitled to qualified immunity from suit, courts ask two questions: "(1) whether the officer violated a constitutional right," and "(2) whether the right was clearly established, such that it would have been clear to a reasonable officer that his conduct was unlawful in

the situation he confronted." Lamont v. New Jersey, 637 F.3d 177, 182 (3d Cir. 2011) (quoting Saucier v. Katz, 533 U.S. 194, 201–02 (2001) (internal quotations and brackets omitted)). The officer seeking to invoke this immunity bears the burden of proving its applicability. See Reedy v. Evanson, 615 F.3d 197, 223 (3d Cir. 2010), cert. den'd, 131 S. Ct. 1571 (2011).

The Court has already recognized a Fourth Amendment violation, so it need not address the first prong. See supra. As for the second prong, a right is clearly established "when the contours of the right are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Cuvo v. De Biasi, 169 F. App'x 688, 682 (3d Cir. 2006) (quoting McGreey v. Stroup, 413 F.3d 359, 366 (3d Cir. 2005) (in turn quoting Saucier, 533 U.S. at 202)). It was well established at the time of the incident that the Fourth Amendment prohibits a police officer from arresting a person without probable cause. Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995)(citing Papachristou v. City of Jacksonville, 405 U.S. 156, 169 (1972)). Likewise, there is no question that the relevant standards for obstruction, theft, disorderly conduct, and hindering arrest were well settled at the time of the arrests. Camillo, 887 A.2d 1151; see supra nn.5-8. Viewing the facts in Plaintiffs' favor, it is sufficiently clear that the Defendants arrested Plaintiffs without probable cause and that, under the circumstances, a reasonable officer would have understood as much.

Moreover, the Court notes that the qualified immunity analysis involves a fact-intensive inquiry that is generally ill-suited for resolution at the pleadings stage, particularly where, as here, the factual record is so sparse.  Newland v. Reehorst, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases"); Coles, 2012 WL 1079446 *9.  Defendants' motion to dismiss on qualified immunity grounds is therefore DENIED WITHOUT PREJUDICE.

## IV. CONCLUSION

FOR THESE REASONS, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  An appropriate Order will issue herewith.


s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Date: March 14, 2013

18