JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112

By:  Marvin L. Freeman
     Deputy Attorney General
     (609) 633-1971
     Marvin.freeman@dol.lps.state.ny.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

_____
LUIS BATIZ and CORDELIA          )
CHALLENGER,                      )
                                 )
        Plaintiffs,              )     CIVIL ACTION NO: 12-cv-0581
                                 )           (RMB-AMD)
     v.                          )
                                 )
NEW JERSEY STATE TROOPER D.K.    )
DETULLIO #7193; NEW JERSEY       )
STATE TROOPER M.D. BROWN         )
#7090; JOHN DOES NEW JERSEY      )
STATE POLICE TROOPERS 1-5,       )
                                 )
        Defendants.              )
_____)

**DEFENDANTS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL
L.Civ.R. 56.1**

1.  Luis Batiz called the State Police to his house. [Exhibit O,
    p.29, lines 3-8].

2.  When Trooper Detullio arrived at Batiz's house, he spoke to
    Batiz and then to Pack Rat's General Manager, Gregory Costas.
    Id. p.39, lines 23-24.

3.  Batiz heard Costas tell Detullio that he (Batiz) owed a lot
    of money for the Pod and that he is in arrears. Id. p.40,
    lines 2-7.

4.  Costas showed Detullio the contract, rental agreement, and bills, showing that Batiz owed money. [Exhibit N, p.18, line 25 through p.19, line 17].

5.  Costas told Detullio that Batiz had taken the key tool that was needed to load the pod onto Pack Rats' truck. [Exhibit N, p.23, lines 13-22.

6.  After being told of the missing key tool, Detullio initiated a theft investigation. [Exhibit E, p.24, lines 8-10].

7.  Batiz admitted to Detullio that he took the key tool and hid it on the side of his house. [Exhibit O, p.42, lines 22-25].

8.  Detullio told Batiz to return the key tool. [Exhibit O, p.42, line 22 through p.43, line 25].

9.  When Batiz returned the tool, Detullio was still at the scene. [Exhibit E, p.26, line 5 through p.27, line 5].

10. Before Batiz was arrested, Detullio asked for his name, date of birth and social security number at least three times. Exhibit O, p.57, lines 19-22.

11. Batiz did not provide the requested information to Detullio. [Exhibit O, p.57, line 23 through p.58, line 6].

12. On the day of the incident, February 23, 2010, Batiz's wife, Cordelia Challenger, owned a "Honda CRV" and she parked it in front of the pod to block Pack Rat's exit. [Exhibit L, p.30, line 19 through p.31, line 10].

13. While he was at Batiz's house, Detullio conducted a motor vehicle check on the Honda CRV. [Exhibit E, P.28, lines 4-13].

14. After Pack Rat departed with the pod, Batiz and Challenger became upset. [Exhibit L, p.44, line 16-19].

15. The incident on February 23, 2010, occurred in the front of Batiz's house. [Exhibit L, p.34, lines 2-11].

16. Batiz's neighbor told Cordelia Challenger that she was able to see what was going on. [Exhibit L, p.37, lines 16-25].

17. The Complaint-Warrant indicates that probable cause is found for the issuance of the complaint, and a signature appears over the signature line for the judicial officer issuing the warrant. [Exhibit C}.

18. The Complaint-Warrant indicates that the judicial officer found probable cause for the charges on February 23, 2010. [Exhibit C]

19. Original charges listed on the Complaint-Warrant are 2C:33-2A(2); 2C:20-3A; 2C:29-1A, and 2C:29-3A(7). [Exhibit C]

20. According to the Complaint-Warrant, bail was set at "2,500.00/FULL" for all charges. [Exhibit C]

21. While at the station, Detullio was not able to verify Batiz's identity through a check of various database searches. [Exhibit J, p.99, line 3 through p.100, line 23].

22. Because Batiz had been arrested, Detullio had to verify his identity. [Exhibit J, p.105, line 21 through p.105, line 1].

23. Batiz has never been issued a drivers' license in his adult life. [Exhibit O, p.74, line 25 through p. 75, line 5].

24. The Complaint-Warrant states that Batiz hindered apprehension by providing the false name of "Luis Batiz, date of birth March 22, 1958.

25. The Complaint-Warrant is titled "The State of New Jersey vs John Doe, AKA Luis Batiz, 9 Main Street Bridgeton, NJ 08302" [Exhibit I].

26. The Immigration Detainer is listed in the name of "Doe, John AKA Batiz, Louise."

27. Batiz was lodged in the Cumberland County Jail in lieu of bail in the amount of $2,500.00. Exhibits A and C.

28. The Investigative Report reflects that on March 23, 2010, Batiz's true identity was learned through the Cumberland County Jail. [Exhibit A, p.3].

29. Cordelia Challenger faxed a copy of Batiz's 1996 expired passport to I.C.E. and paid a bail bondsman $300.00, to secure Batiz's release.

30. Batiz and Challenger appeared for trial in Municipal Court on August 4, 2010. [Exhibit E].

31. Detullio appeared as a witness at the Municipal Court trial on August 4, 2010. [Exhibit E].

32. Batiz was found guilty in municipal court for Theft, Disorderly Conduct and Obstruction of the Administration of a law enforcement official. He was found not guilty of the Hindering Apprehension charge. [Exhibit E].

33. In the Superior Court, Law Division, the Theft charge was affirmed, but the disorderly conduct and obstruction charges were dismissed. [Exhibit G].

34. The Superior Court of New Jersey, Appellate Division, reversed the Theft conviction, finding that Batiz had a claim of right and that the purpose to deprive was not established. [Exhibit H].

35. Trooper Brown was not involved in Batiz's arrest and he had no contact with Batiz at the station. [Exhibit O, p.50, lines 16-23 and p.80, lines 12-21].

### DEFENDANTS' STATEMENT OF FACTS AS TO CORDELIA CHALLENGER

1. On the day of the incident, February 23, 2010, Cordelia Challenger was Batiz's wife. [Exhibit L, lines 5-8].

2. After the incident, but on the same day, Cordelia Challenger drove to the State Police station alone. [Exhibit L, p.52, lines 15-23].

3. The State Police did not follow or escort her to the station. [Exhibit L, p.52, lines 15-23].

4. Challenger drove an unregistered vehicle to the State Police station. [Exhibit L, p.54, lines 6-12].

5. Challenger was detained at the station for one hour and one minute. [Exhibit B].

6. While at the station, Challenger was in the front office handcuffed to a bench. [Exhibit L, p.55, lines 3-6].

7.   She was not photographed or fingerprinted. [Exhibit L, p.55, lines 9-14].

8.   While at the station Challenger was ordered to provide pedigree information about her husband who had been arrested. [Exhibit L, p.53, lines 5-17].

9.   When Challenger was ordered to provide pedigree information about Batiz, Detullio was still conducting the investigation at the station. [Exhibit A].

10.  Challenger refused to provide the requested information. [Exhibit L, p.53, lines 5-17].

11.  Challenger was charged and issued a summons for driving an unregistered vehicle and Hindering Apprehension of Another. [Exhibit L, p.53, line 25 through p.54, line 25.

12.  After Challenger was issued the summons, she was free to leave. [Exhibit p.56, lines 12-17].

13.  After Challenger was released, she had no further contact with Troopers Detullio or Brown. Exhibit L, p.67, lines 10-12.


                    Respectfully submitted,

                    JOHN J. HOFFMAN
                    ACTING ATTORNEY GENERAL OF NEW JERSEY

            By:   /S/Marvin L. Freeman
                    Marvin L. Freeman
                    Deputy Attorney General


Dated: December 23, 2014