NOT FOR PUBLICATION                                    [Dkt. Nos. 64, 84, 88]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LUIS BATIZ and
CORDELIA CHALLENGER,

            Plaintiffs,         Civil No. 12-581 (RMB/AMD)

  v.

                                  **OPINION**

D.K. DETULLIO and JOHN DOES
NEW JERSEY STATE POLICE
TROOPERS 1-5,

            Defendants.

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon supplemental briefing filed by the parties in the above-captioned action, [Dkt. Nos. 84, 88], relating to a motion for summary judgment filed by Defendant D.K. Detullio ("Defendant"). The supplemental briefing concerns whether it was clearly established that probable cause does not exist to charge for obstruction of the administration of law under N.J.S.A. 2C:29-1 ("Obstruction") when an individual has refused to provide his identifying information. Plaintiff Luis Batiz ("Plaintiff")[1]

---

[1] Cordelia Challenger, formerly a plaintiff in this action prior to this Court's grant of summary judgment in favor of Defendant on her claims, remains an active party on the docket. As such, the Court will include in the Order associated with this Opinion an instruction that she be terminated as a party.

1

argues it was clearly established. Defendant disagrees. Because the Court and the parties are familiar with the underlying facts, the Court relies upon the statement of the facts contained in the Court's Opinion dated September 30, 2015, [Dkt. No. 74], and does not restate them here.

## I.   "CLEARLY ESTABLISHED" ANALYSIS

The doctrine of qualified immunity shields police officers from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Cordial v. Atlantic City, Civ. A. No. 11-cv-1457 (RMB/AMD), 2014 WL 2451137, at *4 (D.N.J. June 2, 2014). To determine whether an officer is entitled to qualified immunity from suit, courts ask two questions: "(1) whether the officer violated a constitutional right," and "(2) whether the right was clearly established, such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 201-202 (2001); see also Pearson v. Callahan, 555 U.S. 223, 243 (2009) (holding courts need not address the first step of the inquiry before reaching the second).

For the "clearly established" prong of the qualified immunity analysis, "the Court must consider whether existing precedent [has] placed the statutory or constitutional question

2

beyond debate." Michtavi v. Scism, No. 14-4104, 2015 WL 8595201, at *3 (3d Cir. Oct. 19, 2015) (internal quotation marks omitted) (emphasis added). "Police officers who reasonably but mistakenly conclude that their conduct comports with the requirements of the Fourth Amendment are entitled to immunity." Luthe v. Cape May, 49 F. Supp. 2d 380, 389 (D.N.J. 1999).

The relevant statute defining the offense of Obstruction states:

> A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

N.J.S.A. 2C:29-1(a).

Plaintiff argues that it is clearly established that a charge for obstruction lacks probable cause when the individual has only refused to provide identifying information, as there is no accompanying physical or independently unlawful act. (Pl.'s Supp. Br. at 1.) In making this argument, Plaintiff relies upon the language contained in N.J.S.A. 2C:29-1 and several New Jersey Superior Court Appellate Division cases. See, e.g.,

State v. Camillo, 382 N.J. Super. 113, 121-22 (App. Div. 2005); State v. Berlow, 284 N.J. Super. 356, 360 (App. Div. 1995) ("[D]efendant must have affirmatively done something to physically interfere or place an obstacle to prevent the police from performing an official function.").

In Camillo, the Appellate Division held that "[t]he language of N.J.S.A. 2C:29-1 is clear. It requires that obstruction be by means of flight, intimidation, force, violence or physical interference or obstacle." Id. at 121. Indeed, the Court in that case found no ambiguity whatsoever in the requirement that physical interference be present and held that simply refusing to provide information was not sufficient to amount to a violation. Id. at 118-121 (reversing and vacating conviction); see also State v. Philpot, No. 12-09, 2010 WL 5128658, at *4 (App. Div. 2010) ("We have recognized that merely refusing to answer the officer's questions is not a criminal act.").

Defendant responds that—notwithstanding Camillo and the other cases cited by Plaintiff—it is not clearly established that a violation of N.J.S.A. 2C:29-1 requires physical conduct. In support of this argument, Defendant relies chiefly on State v. Brennan, 344 N.J. Super. 136, 143 (App. Div. 2001), decided several years before Camillo and several years after Berlow. In that case, the Appellate Division explained, "Simply stated, if

4

the police are performing a law enforcement function in an appropriate manner . . . then a citizen is obligated to comply with the directions of the police.  Failure to do so can result in a number of offenses, including obstruction . . . ." Brennan, 344 N.J. Super. at 143.  In further support of this argument, Defendant also cites several cases where an individual's failure to follow instructions of an officer has been construed to be sufficient for a violation of N.J.S.A. 2C:29-1.  See State v. Hernandez, 338 N.J. Super. 317 (App. Div. 2001); State v. Doss, 254 N.J. Super. 122 (App. Div. 1992).

Defendant's reliance on these cases is not entirely illogical because in each of these, there was no *affirmative* physical conduct by the individual.  Camillo, however, distinguished these cases by explaining that the Obstructions statute requires a "physical act."  Failure to halt or leave a scene is also a physical act and therefore falls within the statute.  Camillo, 382 N.J. Super. at 120-121 ("[T]he conduct referred to in Doss was the defendant's failure to stop when told to do so by the police officer.  That conduct was a physical act . . . .").  In other words, according to Camillo, an individual has only committed Obstruction if he engages in some physical conduct or fails to engage in some physical conduct that causes interference.  Merely failing to provide information is legally insufficient.

5

Since Camillo, the doctrine espoused in that case has been applied consistently by the Appellate Division. In Hardester, the court affirmed the conviction of a defendant, holding that Obstruction does not require physical contact "but it does require obstruction by physical conduct." State v. Hardester, No. 09-031, 2010 WL 3075523, at *4 (App. Div. Aug. 3, 2010) (citing Camillo, 382 N.J. Super. at 120). In Clark, the court ruled that a defendant's conduct "satisfied the requirements of N.J.S.A. 2C:29-1" when he yelled at police officers and repeatedly removed his hands from the car despite being instructed to keep them there. State v. Clark, No. 10-11-1161, 2014 WL 1909340, at *7 (App. Div. May 14, 2014); see also State v. Philpot, No. 12-09, 2010 WL 5128658, at *4 (App. Div. Dec. 17, 2010) (relying upon Camillo standard); State v. Bessey, No. 2012-32, 2014 WL 9928205, at *8 (App. Div. June 23, 2015) (citing to Camillo standard). Given the consistent application of Camillo's standard, this Court must conclude that the clear upshot of its holding—that mere failure to provide information to a police officer—does not give rise to an Obstruction charge.[2]

---

[2] In so holding, this Court is mindful of its own holding in Maples v. Atlantic City, Civ. No. 06-2200 (RMB), 2008 WL 2446825 (D.N.J. June 16, 2008). In that case, upon summary judgment briefing making no reference to Camillo or its progeny, this Court held that probable cause existed to arrest for Obstruction when the arrestee failed to provide his name. Neither party before the Court in the instant matter cited to Maples and this Court does not believe that one erroneous District Court opinion

6

As such, this Court must also agree with Plaintiff that probable cause is lacking when an individual is charged with Obstruction after failing to provide information to an officer. That said, as outlined infra, this does not end the inquiry, as the briefing has illuminated cause for this Court to reexamine the issue of probable cause at it relates to the Obstruction charge under the specific facts of this case.

## II.     PROBABLE CAUSE DETERMINATION

Notwithstanding the Court's holding that the requirement of physical conduct in order to commit Obstruction is clearly established, this Court must nevertheless reexamine the conduct actually engaged in by Plaintiff.  The Court's previous determination that probable cause was lacking, [Dkt. No. 74 at 22-23], was based upon what appeared to be the parties' view in the initial summary judgment briefing that Plaintiff's obstructing conduct on the scene was merely the failure to provide his name.  (Def.'s Br. at 19-20.)  The record belies this conclusion.  Upon consideration of the law cited by the parties in their supplemental briefing and upon a re-review of the record in light of that case law, this Court is compelled to revisit its holding that Defendant's charge of Obstruction lacked probable cause.

---

undermines the consistency with which Camillo has been applied by the Appellate Division.

To reiterate, "Lack of probable is the sine qua non of malicious prosecution." Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 249 (3d Cir. 2001). "'[P]robable cause' means reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious [person] in the belief that the accused is guilty of the offence with which he is charged." Id. at 249 (quoting Lind v. Schmid, 67 N.J. 255, 263 (1975)).

Reviewing the record in light of the parties' supplemental briefing, it is now plain that Defendant's reason for charging Plaintiff went beyond merely his failure to answer questions. Indeed, in his deposition, Defendant claimed that he made the arrest and subsequent charge based upon facts "as a whole that day, all the factors involved." (Ex. J at 97:21-23.) Defendant's testimony shows that Plaintiff did not comply with an order to sit on the porch, was non-compliant with an instruction to speak to officers in a seated position, and was pointing in Defendant's face as he tried to conduct his investigation.[3] Such physical conduct, if proved, would easily

---

[3] Defendant also presented this information to a Fairfield Township Judge prior to the Judge's finding of probable cause. (Ex. J at 110:8-16 ("[W]e contacted the Fairfield Township Judge who was Judge Caserolle at that time. Presented him with the facts of the case, which are documented in the police report."); Ex. A (Police Report) at 3 ("Furthermore [Plaintiff] would not comply with Troopers['] instructions.").)

8

fall in line with the requirements of Camillo and its progeny.

Importantly, Plaintiff's testimony largely corroborates Defendant's version of events. Plaintiff admits that when he was instructed to stand away from Defendant as he conducted his investigation, Plaintiff responded, "I don't have to stand anywhere, sir. This is my porch. I'll be – I'll be here. You go ahead and talk to the man. I'll be – I'll be here on my porch walking back and forth." After Defendant again repeated the instruction to stand aside, Plaintiff repeated, "I'm sorry, but I'm not going to – I have no reason at all to stand over there where you want me to stand. I'm not a danger to anyone and I'm not being confrontational with you or the – the trespasser." (Ex. O. at 39:11-22.) Later, when asked again by Defendant to sit down on the porch, Plaintiff admits that he refused to do so. (Id. at 60:8-9.) Such conduct is consistent with Defendant's description.

Given the lack of a genuine disputed fact concerning Plaintiff's conduct in this regard, the Court holds that Plaintiff's actions—refusing to move aside from Defendant or take a seat as instructed—are sufficient physical acts as developed in the case law for probable cause under the Camillo standard. Accordingly, summary judgment is proper with regard to the malicious prosecution charge concerning Obstruction.

**III.   CASE STATUS**

9

At this juncture, it would be beneficial to take stock of where the litigation stands.  This Court has ultimately determined that a vast swath of the claims contained in Plaintiff's complaint shall not proceed to trial.  Indeed, as the matter now stands, the only issues for trial will be malicious prosecution with regard to the Disorderly Conduct and Hindering Apprehension charges.  If a jury were to find liability as to these narrow issues, the jury would then be required to address the issue of damages, if indeed they find any, given that Plaintiff's charges for Theft and Obstruction were otherwise proper.

DATED: January 25, 2016

                                                  s/Renée Marie Bumb
                                                  **RENÉE MARIE BUMB**
                                                  **UNITED STATES DISTRICT JUDGE**